This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL HEGERTY, as Personal**
**Representative of the ESTATE OF**
**JOAN E. HEGERTY, Deceased,**

Plaintiff-Appellee,

v.                                                                          **No. 34,846**

**SKILLED HEALTHCARE, LLC,**
**ST. CATHERINE HEALTHCARE, and**
**REHABILITATION, LLC,**

Defendants-Appellants,

**and**

**JIMMY MELTON,**
**and DOES 1 through 5,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Guebert Bruckner, P.C.
Terry R. Guebert
Christopher J. DeLara
Albuquerque, NM

Chavez Law Offices, P.A.

Gene N. Chavez
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan, Akin, & Robb, P.A.
Ellen Throne Skrak
Sandra Beerle
Jocelyn Drennan
Albuquerque, NM

for Appellants

# MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     In this case we address the question of whether the district court erred in ruling that the arbitration clause exception for small claims was substantively unconscionable as a matter of law and supported granting summary judgment. Michael Hegerty, as personal representative of the estate of his mother, Joan Hegerty, (Appellee) brought suit against Skilled Healthcare, LLC, St. Catherine Healthcare and Rehabilitation, LLC (St. Catherine), and others (collectively Appellants) alleging wrongful death. Appellants moved to compel arbitration in compliance with the arbitration agreement (Arbitration Agreement) included in Ms. Hegerty's admission paperwork to St. Catherine. Appellee filed a motion for summary judgment arguing that the arbitration clause was substantively unconscionable. The district court agreed

with Appellee and granted summary judgment. We reverse in accordance with our Supreme Court's recent decision in *Dalton v. Santander Consumer USA, Inc.*, 2016-NMSC-035, 385 P.3d 619 and remand for further proceedings. In addition, we conclude that the district court did not err in refusing to apply a recent Tenth Circuit decision addressing whether substantive unconscionability is preempted in the present arbitration case by federal law.

**BACKGROUND**

{2}     Ms. Hegerty was admitted to St. Catherine for rehabilitation and therapy services on or about November 22, 2011. Upon admission to the facility, her son, Michael Hegerty, signed admission paperwork on her behalf as her representative. The paperwork included the challenged Arbitration Agreement.

{3}     Under the terms of the Arbitration Agreement, Ms. Hegerty, including her qualified authorized representative, and St. Catherine agreed to "resolve by arbitration" any "[d]ispute between them that arises concerning [Ms. Hegerty]." The term "dispute" is defined in the Arbitration Agreement as:

> [A]ll disputed claims that the [f]acility and [the r]esident may have against each other associated with this Arbitration Agreement[,] the relationship created by the Admission Agreement[,] and/or the provision of services under the Admission Agreement, including all disputed claims arising out of or related to treatment or services provided by [the f]acility to [the r]esident, including . . . whether any services . . . provided by [the f]acility to [the r]esident were unnecessary, unauthorized, or were improperly, negligently, or incompletely rendered.

3

A [d]ispute for purposes of this Arbitration Agreement also means and includes disputed claims brought by the [fa]cility against the [r]esident for collection.

The Arbitration Agreement excepted from arbitration "claims for monetary damages that fall within the jurisdictional limit of the New Mexico metropolitan, magistrate[,] or other small claims court[s]." The Arbitration Agreement also excepted "claims related to the eviction, transfer[,] or discharge of [the r]esident that are subject to a federal or state administrative hearing process." Ms. Hegerty was transferred from St. Catherine to a hospital on December 17, 2011, less than a month after her admission to St. Catherine. Approximately two months later, Ms. Hegerty died.

**{4}** In May 2014, Appellee filed a wrongful death suit arising out of Ms. Hegerty's care at St. Catherine. Appellants moved to compel arbitration based upon the Arbitration Agreement and also relied on the provisions of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2, 4 (2012). Appellee's response argued that a valid agreement requiring arbitration did not exist as the Arbitration Agreement was substantively unconscionable. On December 1, 2014, the district court issued an order on Appellant's motion to compel arbitration. The district court ruled that there was sufficient evidence to establish that the Arbitration Agreement was a valid contract but that the FAA did not preempt New Mexico state law on "the standard for substantive unconscionability." The order also ruled that the arbitration provision was

4

"substantively unconscionable on its face because it provides [St. Catherine] with a judicial forum to litigate its most likely and beneficial claims while subjecting resident to arbitration . . . for the claims most likely to be pursued by the resident."[1] Finally, the district court ruled that although the arbitration provision was facially unconscionable, this Court's decision in *Bargman v. Skilled Healthcare Grp., Inc.*, 2013-NMCA-006, 292 P.3d 1, required that an evidentiary hearing be held to allow Appellants an opportunity to present evidence tending to show that the "collections exclusion within the arbitration provision is not unreasonable or unfairly one-sided such that enforcement of it is substantively unconscionable." However, the case was transferred to a different district court judge before the evidentiary hearing was held.

{5}     Appellee then filed a motion for summary judgment arguing that the Arbitration Agreement was substantively unconscionable as a matter of law. As an exhibit to this motion, Appellee attached a related ruling entered in another New Mexico case from

---

[1]The court cited, in support of its ruling, New Mexico cases in which arbitration clauses have been the central issue including: *Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, 304 P.3d 409; *Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, 306 P.3d 480; *Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, 293 P.3d 902;*Cecil ex rel. Cecil v. Skilled Healthcare Group, Inc.*, No. 32,433, mem. op. (N.M. Ct. App. May 29, 2014) (non-precedential); *Strausberg v. Laurel Healthcare Providers, LLC*, No. 29,238 mem. op. (N.M. Ct. App. Sept. 11, 2013) (non-precedential); *Griego v. St. John Healthcare & Rehab. Ctr., LLC*, No. 31,777 mem. op. (N.M. Ct. App. Apr. 22, 2013) (non-precedential).

the same district, *John v. Skilled Healthcare, LLC, et al.*, D-101-CV-2013-0226,[2] finding a nearly identical arbitration agreement substantively unconscionable and granting summary judgment. On May 6, 2015, following a hearing and supplemental briefing by the parties on the issue, the district court issued an order granting Appellee's motion for summary judgment.[3] The district court's order relied on this Court's previous decision in *Dalton v. Santander Consumer USA, Inc.*, 2015-NMCA-030, 345 P.3d 1086, *rev'd*, 2016-NMSC-035, as well as the other district court's order in *John*. The district court's order also rejected Appellants' argument that an evidentiary hearing was necessary under this Court's decision in *Bargman*, 2013-NMCA-006. This appeal followed. On appeal, we requested that the parties submit supplemental briefing following the filing of our Supreme Court's recent decision in *Dalton*, 2016-NMSC-035, entered after the original briefing deadlines had expired.

**DISCUSSION**

---

[2]The *John v. Rehab. Ctr. of Albuquerque et al.*, No. 34,561 mem. op. (N.M. Ct. App. Feb 15, 2017) (non-precedential) case was also appealed to this Court and was combined with this case for the purpose of oral argument only.

[3]We read the district court's summary judgment order to be based upon the small claims exception and not the other arbitration exception addressing the transfer or eviction of residents.

6

{6} On appeal, Appellants make two arguments. Appellants argue that, pursuant to *Bargman*, the district court erred in denying them an evidentiary hearing on the factual issues required for determining whether a contract provision is substantively unconscionable. Defendant also contends that the district court erred in failing to consider recent Tenth Circuit authority addressing unconscionable contract provisions and the FAA.

{7} The denial of a motion to compel arbitration and the issue of unconscionability of a contract are reviewed by this Court de novo. *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 11, 146 N.M. 256, 208 P.3d 901. We also review the interpretation of statutes, including the FAA, as well as federal preemption, de novo. *Strausberg*, 2013-NMSC-032, ¶ 25; *Hadrych v. Hadrych*, 2007-NMCA-001, ¶ 5, 140 N.M. 829, 149 P.3d 593. In light of our Supreme Court's recent precedent established in *Dalton*, we reverse and remand this matter to the district court for further proceedings.

**I. The Small Claims Exception to Arbitration is Not Substantively Unconscionable as a Matter of Law**

{8} The doctrine of unconscionability may be analyzed for both procedural and substantive unconscionability. *Cordova*, 2009-NMSC-021, ¶ 21. The only question presented in this case is whether the small claims exception in the Arbitration Agreement is substantively unconscionable. When the terms of a contract are

7

"unreasonably favorable to one party while precluding a meaningful choice of the other party[,]" courts may render a contract or portions of a contract unenforceable under the equitable doctrine of unconscionability. *Id.* Because unconscionability is an affirmative defense to contract enforcement, the party claiming that defense bears the burden of proving that a contract, or a portion thereof, should be voided as unconscionable. *Strausberg*, 2013-NMSC-032, ¶¶ 24, 39, 48. The burden of proving unconscionability refers only to "the burden of persuasion, i.e., the burden to persuade the fact[]finder[.]" *Id.* ¶ 24. The party bearing this burden need not make any "particular evidentiary showing and can instead persuade the fact[]finder that the terms of the contract are substantively unconscionable by analyzing the contract on its face." *Dalton*, 2016-NMSC-035, ¶ 8. Once a facial threshold of unconscionability has been meet by the moving party, the opposing party is then allowed to present evidence tending to show that the arbitration exclusion "is not [unreasonable] or unfairly one-sided such that enforcement of it is substantively unconscionable." *Bargman*, 2013-NMCA-006, ¶ 24.

{9}     Substantive unconscionability concerns the "legality and fairness of the contract terms themselves." *Cordova*, 2009-NMSC-021, ¶ 22. "Contract provisions that unreasonably benefit one party over another are substantively unconscionable." *Id.* ¶ 25. Our Supreme Court has found substantive unconscionability where the drafter of

8

an arbitration agreement created "unilateral carve-outs that explicitly exempted any judicial remedies [the drafting party] was likely to need from mandatory arbitration while providing no such exemption for the [other party]."*Dalton*, 2016-NMSC-035, ¶ 10. This Court held two arbitration provisions in contracts in the health care industry to be unconscionable where the facilities excepted from arbitration collection and eviction proceedings. *See Figueroa*, 2013-NMCA-077, ¶ 1; *Ruppelt*, 2013-NMCA-014, ¶ 1. This Court reasoned that the arbitration provisions in both cases were unfairly one-sided and substantively unconscionable. *Figueroa*, 2013-NMCA-077, ¶ 1; *Ruppelt*, 2013-NMCA-014, ¶ 1. However, this Court has never professed a "bright-line, inflexible rule that excepting from arbitration any claim most likely to be pursued by [the provision's] drafter will void the arbitration clause as substantively unconscionable." *Bargman*, 2013-NMCA-006, ¶ 17. Instead, each case should be examined individually. *Id.*

{10}     Recently, our Supreme Court held that an arbitration agreement that contained a bilateral exception from arbitration for small claims of less than $10,000 was neither grossly unfair nor unreasonably one-sided on its face. *Dalton*, 2016-NMSC-035, ¶ 1. In *Dalton*, the plaintiff purchased two cars under separate sales contracts that allowed either party to compel arbitration of any claim or dispute arising out of the contracts that exceeded the jurisdiction of a small claims court—which at the time in New

Mexico was $10,000. *Id.* ¶ 2. The plaintiff later filed a complaint related to the circumstances under which she purchased the vehicles. *Id.* ¶ 4. In response, the defendant filed a motion to compel arbitration that the plaintiff opposed—arguing in part that the arbitration clause was substantively unconscionable. *Id.* ¶ 5. The district court agreed with the plaintiff, as did this Court. *See Dalton*, 2015-NMCA-030, ¶ 2. Our Supreme Court reversed and held that the arbitration provision as drafted and its carve-outs did not "unambiguously benefit the drafting party alone[.]" *Dalton*, 2016-NMSC-035, ¶ 20. Furthermore, our Supreme Court was not persuaded that the exception allowing both parties access to small claims proceedings, "even if one party is substantially more likely to bring [a] small claims action[], is at all unfair." *Id.* ¶ 21.

{11}     In light of our Supreme Court's decision in *Dalton*, we conclude that the small claims exception in the Arbitration Agreement is not substantively unconscionable. Here, the language in the Arbitration Agreement is nearly identical to the small claims exception in *Dalton*. The Arbitration Agreement states that a dispute subject to arbitration "does not include claims for monetary damages that fall within the jurisdictional limit of the New Mexico metropolitan, magistrate, or other small claims court[s]." The district court found that because the small claims exception "provide[d Appellants] with a judicial forum to litigate its most likely and beneficial claims while subjecting residents to arbitration . . . for the claims most likely to be pursued by the

resident[,]" the Arbitration Agreement was "substantively unconscionable on its face." However, *Dalton* disagreed and held that such a small claims exception is not substantively unconscionable on its face. 2016-NMSC-035, ¶ 21. The mere fact that a party is more likely to bring a small claims action to resolve smaller disputes, does not support a legal determination that the provision is unfair. *Id.* Our Supreme Court reasoned that there are "legitimate, neutral reasons . . . to exclude small claims actions from arbitration, including streamlined pretrial and discovery rules, . . . and the cost-effectiveness of small claims actions compared to arbitration." *Id.* (internal quotation marks and citations omitted). As such, we recognize *Dalton* to hold that this type of bilateral small claims exception to arbitration is not substantively unconscionable. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that this Court is bound by our Supreme Court precedent); *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175. Accordingly, we reverse the grant of summary judgment by the district court.

**II.    Substantive Unconscionability Defense Not Preempted by Federal Law**

{12}    Under the FAA, an arbitration agreement is not enforceable where "grounds . . . exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Agreements to arbitrate may accordingly 'be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability.' " *Rivera v. Am. Gen.*

*Fin. Servs., Inc.*, 2011-NMSC-033, ¶ 17, 150 N.M. 398, 259 P.3d 803 (*citing Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 66 (2010)).

{13}     Appellants argue that a recent federal decision issued by the Tenth Circuit Court of Appeals determined that our state courts are applying the unconscionability doctrine based on an impermissible "perceived inferiority of arbitration to litigation as a means of vindicating one's rights." *THI of N.M. at Hobbs Ctr., LLC v. Patton*, 741 F.3d 1162, 1169 (10th Cir. 2014). Appellants contend that because our Supreme Court has not addressed the merits of the *Patton* decision, we are not foreclosed from deciding that the district court erred in rejecting *Patton's* analysis on the issue of substantive unconscionability.

{14}     However, our Supreme Court has held that New Mexico courts may invalidate arbitration agreements through the "generally applicable contract [defense]" of unconscionability without violation of the FAA. *See Strausberg*, 2013-NMSC-032, ¶ 52 (internal quotation marks and citation omitted); *Rivera*, 2011-NMSC-033, ¶ 17. Although our Supreme Court has yet to consider the analysis in *Patton*, we regard *Rivera* and other New Mexico case law as decisive on this issue because this Court is bound by existing Supreme Court precedent, as is the district court. *See State v. Dopslaf*, 2015-NMCA-098, ¶ 11, 356 P.3d 559 ("[A]ppeals in this Court are governed by the decision of the New Mexico Supreme Court including decisions involving

12

federal law[.]" (internal quotation marks and citation omitted)); *see also Dunning v. Buending*, 2011-NMCA-010, ¶ 11, 149 N.M. 260, 247 P.3d 1145 (stating that the Court of Appeals is bound by New Mexico Supreme Court precedent even when aspects of that precedent have been rejected by other authorities).

{15}    Accordingly, we conclude that the district court did not err in rejecting Appellants' argument that *Patton* must be applied to the analysis of whether the arbitration exception at issue in this case is substantively unconscionable pursuant to the FAA.

**CONCLUSION**

{16}    For the foregoing reasons, we uphold the district court's rejection of federal preemption, reverse the district court's summary judgment ruling regarding the substantive unconscionability of the small claims exception in the Arbitration Agreement, and remand this matter to the district court for further proceedings.

{17}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

13

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**